CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 2 7 2009

JOHN F CORCORAN, CLERK
BY: /s/ _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KENNETH EDWARD BARBOUR, | ) | Civil Action No. 7:09-cv-00118 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Hon. James C. Turk |
| VIRGINIA DEPT. OF | ) | Senior United States District Judge |
| CORRECTIONS AT WRSP, | ) | |
| Defendant. | ) | |

Plaintiff Kenneth Edward Barbour, a Virginia inmate proceeding pro se, filed a civil

rights action, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343.

Barbour names the Virginia Department of Corrections ("VDOC") at WRSP, presumably the

Wallens Ridge State Prison ("WARSP"), as the defendant. Barbour complains that WARSP

serves him cold, overcooked food. This matter is before the court for screening. After reviewing

all of Barbour's submissions, the court dismisses the complaint for failing to state a claim upon

which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Liberally construing Barbour's complaint, he alleges that WARPS officials serve

overcooked, cold food to inmates in the special housing unit later than inmates in general

population. Barbour cites numerous provisions of the United States Constitution as support of a

constitutional claim. Barbour demands $500 for every morning his constitutional rights were

violated since May 2007.

II.

A.

The court is required to dismiss any action or claim filed by an inmate if the court

determines that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964, 1965 (2007) (internal quotation marks omitted). Although the court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

B.

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Barbour fails to identify any "person" subject to suit in a § 1983 action. Furthermore, Barbour has not alleged any actual injury to give rise to a claim, nor has he alleged any physical injury to permit him to receive damages. See Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997) (holding that a prisoner must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions to state a claim

2

under the Eighth Amendment); 42 U.S.C. § 1997e(e). Although he lists nearly every article and amendment in the United States Constitution, Barbour does not identify which constitutional right he seeks to asserts. See Beaudett, 775 F.2d at 1278 (stating a district court cannot be expected to construct full blown claims from sentence fragments). Barbour's complaint fails to state a claim under the Eighth Amendment because "only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement[.]" Rish, 131 F.3d at 1096; see Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993) (stating Eighth Amendment protects against cruel and unusual punishments, not prison conditions); see also Couch v. Jabe, 479 F. Supp. 2d 569, 587-88 (W.D. Va 2006) (holding after surveying case law that cold food does not violate the Eighth Amendment). Furthermore, Barbour fails to identify any person who was deliberately indifferent. Accordingly, the court dismisses the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

## III.

For the foregoing reasons, the court dismisses the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 27th day of April, 2009.

_____
Senior United States District Judge

3